# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

KEITH A. HALLIBURTON                                                    PETITIONER

v.                              NO. 2:06CV00155 HDY

LINDA SANDERS, Warden, FCI                                          RESPONDENT
Forrest City, Arkansas

### MEMORANDUM OPINION AND ORDER

The record reflects that in June of 1998, petitioner Keith A. Halliburton ("Halliburton") was charged by indictment in the United States District Court for the Central District of Illinois with possession of cocaine base (crack) with the intent to distribute.  In November of 1998, he pleaded guilty to the offense in accordance with the terms of a written plea agreement and was sentenced to 240 months in the custody of the Federal Bureau of Prisons.  In the agreement, he specifically reserved the right to appeal the denial of a motion to suppress.  Halliburton subsequently did so.  In October of 1999, the United States Court of Appeals for the Seventh Circuit affirmed the denial of the motion to suppress.  See United States v. Halliburton, 1999WL 980650 (7th Cir. 1999).

In August of 2005, Halliburton filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 in the United States District Court for the Central District of Illinois.  His motion was denied in February of 2006 because it was filed "more than one year after his conviction became final …"  See Document 7, Exhibit 4, Opinion of United States District Judge Michael P. McCuskey in Halliburton v. United States, No. 05-2186 at 3.

Halliburton commenced the proceeding at bar in June of 2006 by filing what he characterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  In his petition, he challenged several aspects of his plea and sentence, including the representation afforded by defense counsel and the Government's failure to file a post-sentencing motion for downward departure.  He additionally maintained that he is actually innocent of the offense to which he pleaded guilty.

In July of 2006, respondent Linda Sanders ("Sanders") filed the pending motion to dismiss Halliburton's submission.  See Document 7.  Sanders maintained that Halliburton erroneously filed his submission as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  Sanders maintained that because Halliburton was challenging several aspects of his plea and sentence, the submission should have been filed as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. 2255.  Because his submission was not filed as one pursuant to 28 U.S.C. 2255, Sanders maintained that the submission should be dismissed.

-2-

The Court thoroughly reviewed the record in this proceeding and became convinced that Halliburton was not challenging the execution of his sentence but was instead challenging several aspects of his plea and sentence.  For that reason, he was notified that the Court intended to re-characterize his submission from a petition pursuant to 28 U.S.C. 2241 to a motion pursuant to 28 U.S.C. 2255.  The Court so notified him in accordance with the teachings of Casto v. United States, 540 U.S. 375 (2003).[1] He was specifically notified that the intended re-characterization meant that his submission in commencing this proceeding, and any subsequent motion pursuant to 28 U.S.C. 2255, might be or would be subject to the restrictions on "second or successive" motions found in that section of the United States Code.[2]  He was invited to either withdraw his submission or amend it so that it contained all the 28 U.S.C. 2255 claims he believed he had.

---

[1]

In Casto, the United States Supreme Court outlined the following steps to be taken when a submission is re-characterized from a petition pursuant to 28 U.S.C. 2241 to a motion pursuant to 28 U.S.C. 2255.  The steps are as follows:

> … [T]he district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [section] 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [section] 2255 claims he believes he has. …

See Id. at 383.

[2]

28 U.S.C. 2255 provides, in part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals …"

Halliburton accepted that invitation by filing what he characterized as an amendment to his 28 U.S.C. 2255 motion. In the amendment, he maintained that "[t]his 2255 petition should be characterized as a first petition because [he] ... never had a proper chance to bring forth his claims for relief ..." See Document 13 at 1. He also re-alleged several challenges to his plea and sentence.

Sanders filed a response to Halliburton's amendment. In the response, she maintained the following:

> Under 28 U.S.C. 2255, the sentencing court is the only one with jurisdiction. Here, the Central District of Illinois. If petitioner, by amendment, intends to change from 2241 to 2255, he divests this court of jurisdiction. [Citation omitted].
>
> The Dockets attached to the original response show a prior denied 2255 proceeding. Petitioner, before another 2255 proceeding, will need to get permission from the Seventh Circuit Court of Appeals, 28 U.S.C. 2255, last paragraph.

See Document 14 at 1.

The Court has again thoroughly reviewed the record in this proceeding. On the basis of that review, the Court finds that Sanders' motion to dismiss should be granted and this proceeding dismissed without prejudice because Halliburton's motion is a "second or successive" motion and, as such, must first be certified by a panel of the appropriate court of appeals, in this instance, the United States Court of Appeals for the Seventh Circuit.

-4-

The Court begins an analysis of this proceeding by formally re-characterizing it from one having been filed pursuant to 28 U.S.C. 2241 to one having been filed pursuant to 28 U.S.C. 2255. Halliburton is clearly challenging several aspects of his plea and sentence in his submissions at bar, challenges within the ambit of 28 U.S.C. 2255. <u>See Matheny v. Morrison</u>, 307 F.3d 709 (8th Cir. 2002) (motion filed pursuant to 28 U.S.C. 2255 in district of prisoner's sentencing is proper means for challenging plea and sentence).

Having re-characterized this proceeding to one having been filed pursuant to 28 U.S.C. 2255, it is clear that this proceeding constitutes a "second or successive" motion pursuant to 28 U.S.C. 2255. It is undisputed that in August of 2005, Halliburton filed a motion pursuant to 28 U.S.C. 2255 in the United States District Court for the Central District of Illinois. Because the proceeding at bar now constitutes his "second or successive" motion pursuant to 28 U.S.C. 2255, the proceeding must first be certified by a panel of the United States Court of Appeals for the Seventh Circuit. This proceeding has not been so certified, and he has not shown that he is otherwise excused from seeking the required certification.

Halliburton nevertheless maintains that this proceeding should be characterized as his first motion pursuant to 28 U.S.C. 2255 because he has never had "a proper chance to bring forth his claims ..." <u>See</u> Document 13 at 1. The Court takes no position on whether he indeed has never had a chance to bring forth his claims. The resolution of his assertion is for a panel of the United States Court of Appeals for the Seventh Circuit.

In conclusion, the Court characterizes this proceeding as having been filed pursuant to 28 U.S.C. 2255.  Because Halliburton has previously filed a motion pursuant to 28 U.S.C. 2255, the motion at bar constitutes a "second or successive" motion.  28 U.S.C. 2255 provides that a "second or successive" motion must be certified by a panel of the appropriate court of appeals.  His motion, however, has not been certified by a panel of the United States Court of Appeals for the Seventh Circuit.  Sanders' motion to dismiss is therefore granted, see Document 7, and this proceeding is dismissed without prejudice so that Halliburton may obtain the required certification from a panel of the United States Court of Appeals for the Seventh Circuit.  All requested relief is denied; judgment will be entered for Sanders.

IT IS SO ORDERED this ___21___ day of September, 2006.


_____
UNITED STATES MAGISTRATE JUDGE